J-S43004-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| BILLY RAY BOGGS | |
| Appellant | No. 1178 WDA 2017 |

Appeal from the PCRA Order Entered July 12, 2017
In the Court of Common Pleas of Westmoreland County
Criminal Division at No.: CP-65-CR-0002500-2015

BEFORE:  STABILE, DUBOW, and NICHOLS, JJ.

MEMORANDUM BY STABILE, J.:　　　　　　　　　**FILED OCTOBER 22, 2018**

Appellant Billy Ray Boggs *pro se* appeals from the July 12, 2017 order of the Court of Common Pleas of Westmoreland County, which denied his request for collateral relief under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-46.  Upon review, we vacate and remand.

The facts and procedural history of this case are undisputed.  Briefly, on September 11, 2015, Appellant pled guilty to first-degree murder, third-degree murder and abuse of a corpse in connection with the death of thirty-four-year-old Thomas Guercio, whom Appellant killed by hitting him in the head with a hammer and stabbing him in the chest with a steak knife.[1]  Consistent with the terms of his negotiated guilty plea, the trial court

---

[1] 18 Pa.C.S.A. §§ 2502(a), 2502(c), and 5510, respectively

sentenced Appellant to life imprisonment without the possibility of parole.  ***See***

N.T. Guilty Plea, 9/11/15, at 41-44.  Appellant did not file a direct appeal.

On August 12, 2016, Appellant *pro se* filed the instant PCRA petition,

alleging, *inter alia*, claims for ineffective assistance of trial counsel and

challenging the legality of his guilty plea.  The PCRA court appointed Attorney

Emily Smarto to represent Appellant and ordered her to "file either an

[a]mended PCRA [p]etition or a [m]otion to [w]ithdraw as [c]ounsel and a

[***Turner***/***Finley***[2] n]o-[m]erit letter."  PCRA Court Order, 8/18/16.  Following

the PCRA court's grant of two extensions, Attorney Smarto filed a no-merit

letter on November 4, 2016.  Although Attorney Smarto concluded that

Appellant's PCRA claims were "wholly frivolous", she did not file a motion to

withdraw as counsel.  No-Merit Letter, 11/4/16, at 4.

On December 21, 2016, the PCRA court issued a notice of its intention

to dismiss Appellant's petition under Pa.R.Crim.P. 907.  On January 6, 2017,

Appellant *pro se* filed a response to the Rule 907 notice.  In his response,

Appellant sought the PCRA court's leave to proceed *pro se* and requested the

court to hold a ***Grazier***[3] hearing.  On January 24, 2017, the PCRA court

ordered Attorney Smarto to forward to Appellant "all case materials relating"

---

[2] ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and
***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[3] ***Commonwealth v. Grazier***, 713 A.2d 81, 82 (Pa. 1998) (requiring a
colloquy to determine if the petitioner was knowingly, intelligently, and
voluntarily relinquishing his right to counsel).

to this case and granted Appellant an additional sixty days from the date of the order to respond to the Rule 907 notice. ***See*** PCRA Order, 1/24/17.

On March 1, 2017, Appellant *pro se* filed a motion for extension of time to compel the Commonwealth to turn over additional discovery material. The PCRA court denied Appellant's *pro se* motion on March 7, 2017.[4] On March 27, 2017, Appellant filed an amended response to the Rule 907 notice.

Because of Appellant's Rule 907 response, the PCRA court scheduled a hearing to determine the merits of Appellant's PCRA claims. ***See*** PCRA Court Order, 4/13/17. At the outset of the hearing, Attorney Smarto informed the PCRA court that Appellant wished to represent himself. N.T. PCRA Hearing, 6/2/17, at 3. The PCRA court denied the request. ***Id.*** Following the hearing, the PCRA court denied Appellant PCRA relief on July 12, 2017. Appellant *pro se* appealed to this Court on July 24, 2017. On August 10, 2017, Attorney Smarto filed a notice of appeal from the PCRA court's order denying Appellant's PCRA petition.

On August 24, 2017, the PCRA court held a ***Grazier*** hearing. Explaining its reason for holding the hearing, the PCRA court stated:

> For the record, [Appellant] pled guilty in this courtroom on September 11, 2015. He subsequently filed a PCRA petition. The court appointed Ms. Emily Smarto to represent [Appellant], and on July 12, 2017, [Appellant's] PCRA petition was dismissed by this court. Subsequently, Mr. Boggs, [the court has] something that is filed in the Clerk of Courts on July 24, 2017, that you had

---

[4] Even though Appellant was represented by counsel, the PCRA court ruled on his *pro se* motion, notwithstanding a prohibition on hybrid representation. ***See Commonwealth v. Ali***, 10 A.3d 282 (Pa. 2010) (explaining hybrid representation is not permitted).

> *pro se* appealed to the Superior Court. Ms. Smarto then, upon discovering that, she filed an appeal from [the PCRA court's] dismissal of your PCRA on August 10, 2017. You had indicated to me, Mr. Boggs, that you wanted to represent yourself. I didn't think that was a good idea, but if ultimately that's what you decide to do, then I may be allowing that. So the purpose of our hearing today is for me to conduct a ***Grazier*** hearing, and that is to determine whether you actually understand your rights and understand what you're doing, if you waive your right to an attorney

Hearing, 8/24/17, at 2-3 (unnecessary capitalizations omitted). At the hearing, Appellant reminded the PCRA court that he had wished to proceed *pro se* and that he "did not request counsel to begin with." ***Id.*** at 6. Following the hearing, the PCRA court permitted Attorney Smarto to move for withdrawal as counsel and Appellant to represent himself.[5] ***Id.*** at 11. The PCRA court did not direct Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

On appeal,[6] Appellant raises ten issues for our review.

[I.] Whether counsel was ineffective for failing to investigate the castle doctrine?

[II.] Whether counsel was ineffective for failing to object or notify [Appellant] to the amended information?

[III.] Whether counsel was ineffective for not withdrawing [Appellant's] plea?

[IV.] Whether [Appellant] was denied due process of law?

---

[5] On September 6, 2017, this Court issued a per curiam order granting Attorney Smarto's "Motion to Withdraw as Counsel."

[6] "In PCRA proceedings, an appellate court's scope of review is limited by the PCRA's parameters; since most PCRA appeals involve mixed questions of fact and law, the standard of review is whether the PCRA court's findings are supported by the record and free of legal error." ***Commonwealth v. Pitts***, 981 A.2d 875, 878 (Pa. 2009) (citation omitted).

[V.] Whether counsel was ineffective for failing to procure the victim[']s criminal record?

[VI.] Whether counsel was in collusion and induced [Appellant] to plead guilty?

[VII.] Whether counsel was ineffective for not objecting to hearsay testimony?

[VIII.] Whether counsel was ineffective for not requiring [Appellant] to undergo a mental health examination?

[IX.] Whether [Appellant] intelligently plead[ed] guilty?

[X.] Whether the Honorable Rita D. Hathaway committed a palpable abuse of discretion in forcing [Appellant] to take conflicted and ineffective counsel during the evidentiary hearing?

Appellant's Brief at ix-x (unpaginated) (unnecessary capitalizations omitted).

We first address Appellant's last issue, as it is dispositive of the instant appeal. Appellant claims that the PCRA court denied him the opportunity to proceed *pro se*, in particular at the June 2, 2017 evidentiary hearing. Upon review of the record, we agree.

In **Commonwealth v. Robinson**, 970 A.2d 455 (Pa. Super. 2009) (*en banc*), we held that "in any case where a defendant seeks self-representation in a PCRA proceeding and where counsel has not **properly** withdrawn, a [**Grazier**] hearing must be held." **Id.** at 456 (emphasis added). Particularly, "a colloquy [under Pa.R.Crim.P. 121(A)] must be held by the PCRA court of its own accord . . . once the defendant **has expressed a desire to proceed pro se** as long as PCRA counsel **has not properly withdrawn by complying with the dictates** of **Turner/Finley**." **Robinson**, 970 A.2d at 460 (emphasis added).

- 5 -

Here, as detailed earlier, Appellant unequivocally moved to proceed *pro se* on January 6, 2017, approximately five months prior to the June 2, 2017 evidentiary hearing. At the time of Appellant's request, his counsel had not moved to withdraw her appearance in the PCRA court, despite her filing a no-merit letter. Thus, consistent with the dictates of **Robinson**, and under the circumstances of the instant case, the PCRA court had a duty to hold a **Grazier** hearing upon learning of Appellant's desire to represent himself on January 6, 2017. The fact that the PCRA court held a **Grazier** hearing on August 24, 2017, **after** Appellant had appealed the order denying him PCRA relief does not satisfy the requirements of **Robinson**. We, therefore, conclude that the PCRA court abused its discretion in failing to hold a **Grazier** hearing upon learning of Appellant's desire to proceed *pro se*. Accordingly, we vacate the PCRA court's July 12, 2017 order and remand this case to the PCRA court to conduct a new evidentiary hearing at which Appellant may proceed to represent himself.[7]

To the extent the Commonwealth relies on **Commonwealth v. El**, 977 A.2d 1158 (Pa. 2009), to argue that Appellant failed to timely assert his request for self-representation, we find **El** distinguishable. "A criminal defendant's right to counsel under the Sixth Amendment includes the concomitant right to waive counsel's assistance and proceed to represent oneself at criminal proceedings." **El**, 977 at 1162 (citations omitted). "The

_____

[7] Based on the outcome of this case, we need not address Appellant's first nine issues on appeal.

- 6 -

right to waive counsel's assistance and continue *pro se* is not automatic however." ***Id.*** at 1163. "Rather, only timely and clear requests trigger an inquiry into whether the right is being asserted knowingly and voluntarily." ***Id.*** (citing ***Faretta v. California***, 422 U.S. 806, 836 (1975) (noting that the defendant sought to represent himself by way of a clear and unequivocal declaration asserted weeks before trial)).

"In Pennsylvania, Rule of Criminal Procedure 121 sets out a framework for inquiry into a defendant's request for self-representation." ***El***, ***supra*** at 1162 (citation omitted). "[T]he law is well established that in order to invoke the right of self-representation, the request to proceed *pro se* must be made timely and not for purposes of delay and must be clear and unequivocal." ***Id.*** at 1163. In other words, a defendant must invoke his constitutional right to self-representation "before meaningful trial proceedings have begun." ***Id.*** (citation omitted). In a bench trial, "meaningful trial proceedings" begin "when a court has begun to hear motions which have been reserved for time of trial; when oral arguments have commenced; or when some other such substantive first step in the trial has begun." ***Id.*** at 1165. Meaningful trial proceedings, the Court observed, should be "marked by a substantive, rather than a *pro forma*, event." ***Id.***

In ***El***, the defendant executed a written waiver of his right to a jury trial and was represented by counsel during pretrial suppression proceedings. When the trial court denied the defendant's motion to suppress, defense counsel informed the court that the defense was ready to proceed to trial, and

the defendant confirmed on the record that he waived his right to a jury trial. At this point, the defendant requested to represent himself at trial. The trial court denied this request, and the case proceeded immediately to trial. The trial evidence consisted mainly of non-hearsay evidence previously introduced during the suppression hearing. We affirmed the judgment of sentence. Our Supreme Court granted the defendant's petition for allowance of appeal. Applying the "meaningful trial proceeding" test, the Supreme Court held that the trial court properly denied the defendant's request to represent himself *pro se*: "Appellant's request was not merely late. His suppression motion had been resolved, his jury trial waiver had been accepted, and the admission of evidence against him was nearly complete." *El*, 977 A.2d at 1167.

Even though *El* involved a direct appeal, we see no reason why *El* would not be applicable in a PCRA context, such as here. Unlike the defendant in *El*, Appellant did not tender his request to represent himself last minute and no meaningful proceedings had commenced when he made the request. Attorney Smarto had filed a no-merit letter and the PCRA court had issued a Rule 907 notice. Indeed, as noted earlier, approximately five months prior to the June 2, 2017 evidentiary hearing, Appellant informed the PCRA court of his intention to proceed *pro se*. The PCRA court failed to act. At the August 24, 2017 hearing, the PCRA court acknowledged that it was aware of Appellant's desire to represent himself. *See* N.T. Hearing, 8/24/17 ("You had indicated to me, Mr. Boggs, that you wanted to represent yourself. I didn't think it was

a good idea[.]"). Accordingly, we conclude that the instant case is distinguishable from *EI*.

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/22/2018